FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 1 1 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  Plaintiff,

vs.                No. CR 06-2090 JB

LORENZO MOLINA-HERNANDEZ,

  Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Lorenzo Molina-Hernandez' request for a deviation from the guideline sentence. The Court held a sentencing hearing on October 30, 2006. The primary issue is whether the Court should grant Molina-Hernandez a downward deviation from a sentencing range reflecting an offense level of 21. Because the parties agree that an offense level of 12 would result in a reasonable sentence, and because the Court, after reviewing all the circumstances of this case and of the prior felony, agrees with the parties, the Court will grant Molina-Hernandez' request in part and deny it in part, and grant him a deviation from the guideline sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

Molina-Hernandez is charged with Re-entry of a Removed Alien, 8 U.S.C. § 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2). See Indictment at 1, filed September 27, 2006. Molina-Hernandez represents that he came back to the United States to work. See Pre-sentence Report ¶ 11, at 4, disclosed August 3, 2006, re-disclosed October 7, 2006 ("PSR"). Molina-Hernandez has been incarcerated in federal custody since his arrest on April 7, 2006, and during the entirety of these

proceedings. See PSR at 1.

Molina-Hernandez accepted responsibility by entering his guilty plea. See id. ¶ 1, at 3. The Assistant United States Attorney, Norman Cairns, has advised the United States Probation Office that, at the time of the plea negotiations, the United States Attorney's Office was aware of Molina-Hernandez' prior conviction; however, at the time, the United States Attorney's Office believed the prior conviction was an aggravated felony, which would qualify under U.S.S.G. § 2L1.2(b)(1)(C), resulting in an eight-level increase. See id. ¶ 2, at 3. Given this evaluation, Molina-Hernandez was offered a plea agreement under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, stipulating to a total offense level of 12. See id. ¶ 1, at 3.

On July 3, 2006, Molina-Hernandez entered a plea of guilty before a United States Magistrate Judge to an information charging violations of 8 U.S.C. §§ 1326 (a)(1), (a)(2), and (b)(2), that is, reentry of a deported alien previously convicted of an aggravated felony. See id. ¶ 1, at 3.

On August 1, 2006, the Assistant United States Attorney, Norman Cairns, was informed that Molina-Hernandez has a prior conviction for Simple Burglary, a crime of violence, which would qualify under U.S.S.G. § 2L1.2(b)(1)(A)(ii), resulting in a 16-level increase. See id. ¶ 2, at 3. Mr. Cairns was advised that documentation verifying the conviction listed in paragraph 21 of the PSR as a crime of violence was obtained. See id. The United States Attorney's Office indicated, however, that the plea agreement would not be withdrawn at that time. See id.

The Probation Office disclosed the PSR on August 1, 2006. See id. at 2. According to the PSR, the applicable statutory provisions impose imprisonment for a period of up to twenty years, and the guideline provisions suggest an imprisonment range of 57 to 71 months. See id. at 14.

At the October 30, 2006 sentencing hearing, Molina-Hernandez represented that he has had

ample opportunity to review in great detail the PSR and that he does not dispute or object to the accuracy of the PSR or its details to the extent it necessarily refers to and concerns the federal sentencing guidelines. See Hearing Transcript at 2:25-3:2 (Prichard)(taken October 30, 2006)("Transcript").[1] Molina-Hernandez requests that the Court impose a reasonable sentence.

Molina-Hernandez requests the Court to deviate downward based upon: (i) the contention that the original plea agreement was reasonable; and (ii) the contention that the prior conviction is not equivalent to a crime of violence, though it is technically defined as such under the statutes of Louisiana. The parties agree that such deviation should deviate to produce an offense level of 12. See Transcript at 7:1-7 (Cairns). The parties agree that not allowing and ordering such a requested downward deviation would otherwise result in an unreasonable, unjust, and excessive sentence. See id. at 6:8-10; 6:24-7:7.

## BOOKER V. UNITED STATES

In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court of the United States held the sentencing guidelines to be advisory and that they are one of various other important factors to consider in the imposition of sentence. See 125 S.Ct. at 756-57. In arriving at a reasonable sentence for any defendant, the principle that a sentence should be "sufficient but not greater than necessary" to achieve the four purposes of sentencing as set forth in 18 U.S.C. § 3553(a)(2) -- retribution, deterrence, incapacitation, and rehabilitation -- must guide the court. See id.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

## ANALYSIS

The Court has before it in the PSR the circumstances of the offense, and the history and characteristics of Molina-Hernandez. See PSR ¶¶ 6-8, at 3-4, ¶¶ 21-26, at 6-8. There not being any objections to those factual findings, the Court will adopt those as its own. The Court has also considered the sentencing guideline applications, and, there not being any objections to those, the Court will also adopt those as its own. Further, the Court has considered the factors set forth in 18 U.S.C. § 3553(a). Additionally, the Court notes that Molina-Hernandez promises that he will never again enter the United States illegally for any purpose. See Transcript at 4:11-14. The Court has considered properly and carefully all of the relevant factors in deciding what sentence it should impose.

The parties request a deviation under United States v. Booker. The Court has considered the guideline sentence established for the particular category of offense committed by the applicable category of defendant, and agrees with the parties that the punishment set forth in the guidelines is not appropriate for Molina-Hernandez' offense. The prior burglary offense qualifies as a crime of violence under the Guidelines; however, it did not involve any actual violence, and Molina-Hernandez does not appear to have any history of violence.

Considering the foregoing, the Court finds that a sentence consistent with an offense level of 12 is appropriate for Molina-Hernandez. The Court believes that treating the prior offense as an aggravated felony is more appropriate than treating it as a crime of violence. For an offense level of 12, the guidelines establish a sentencing range of 21 to 27 months. The Court believes that a sentence of 21 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects the

factors provided in § 3553(a). The Court believes that this sentence is reasonable, and, though it varies from the guidelines, more effectively promotes the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Molina-Hernandez' request for deviation is granted; the Court sentences Molina-Hernandez to a term of imprisonment of 21 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorney for the Plaintiff*

Troy W. Prichard
Albuquerque, New Mexico

*Attorney for the Defendant*